```
UNITED STATES DISTRICT COURT
   DISTRICT OF SOUTH CAROLINA
```

| | |
|---|---|
| Jermaine Ransom, # 287057, ) | C/A No. 6:10-2015-RMG-KFM |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | |
| ) | **Report and Recommendation** |
| OFC Freddie McEachern, *Sgt.*; ) | |
| Pfc. K. McCaskill, *NFN*; ) | |
| Lt. Walter Davis; ) | |
| Capt. James Gray, Jr. ) | |
| The City of Marion, ) | |
| Marion City Police, ) | |
| Willie L. Smith, *Chief of Police in his individual capacity*,) | |
| ) | |
| Defendants. ) | |
| _____ ) | |

## *Background of this Case*

The plaintiff is an inmate at the Allendale Correctional Institution of the South Carolina Department of Corrections, currently serving an eight-year sentence for a drug-related offense. The defendants are persons associated with the plaintiff's unrelated criminal case involving forgery, for which he was convicted in the Court of General Sessions for Marion County in 2006.

The plaintiff's case here concerns the forgery charge and conviction that was ultimately set aside and dismissed because the plaintiff in fact was not the forger (the forger was another man of the same name). In the order filed in this case on August 4, 2010, the undersigned directed the plaintiff to answer Special Interrogatories about the dismissal of the forgery charge. The plaintiff's Answers to Special Interrogatories (Entry

No. 14) reveal that the plaintiff was charged with forgery on January 30, 2006, and that the charge was dismissed during the second week of court in May 2006.

## *Discussion*

The plaintiff is a *pro se* litigant, proceeding pursuant to the *in forma pauperis* statute, 28 U.S.C. § 1915. The statute authorizes the district court to dismiss a case if it is satisfied that the action is frivolous or fails to state a claim on which relief may be granted. 28 U.S.C. §1915(e)(2)(B)(i) and (ii). As a *pro se* litigant, the plaintiff's pleadings are accorded liberal construction and held to a less stringent standard than formal pleadings drafted by lawyers. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007)(*per curiam*). The requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts which set forth a claim cognizable in a federal district court. *Weller v. Department of Social Services*, 901 F.2d 387, 391 (4th Cir. 1990).

The court has carefully reviewed the plaintiff's *pro se* complaint and Answers to the Special Interrogatories. However, even under this less stringent standard described above, the plaintiff's § 1983 complaint is subject to summary dismissal because this suit is untimely. Under the holding in *Wallace v. Kato*, 549 U.S. 384 (2007), the plaintiff's claim of false arrest accrued when he was arrested, January 30, 2006. The plaintiff's claim of malicious prosecution accrued in May 2006, when the charge was resolved in his favor. *See Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994).

In such civil rights cases filed in the District of South Carolina, this court must apply South Carolina's general personal injury statute of limitations. *See Wilson v. Garcia*, 471 U.S. 261, 265-80 (1985) (in § 1983 actions, federal courts should apply a state's

2

general statute of limitations for personal injuries). South Carolina's applicable personal injury statute of limitations is codified at S.C. Code Ann. § 15-3-530, which establishes a three-year limitations period for causes of action arising on or after April 5, 1988.

The plaintiff delivered the pleadings in this case to prison officials for mailing no earlier than July 28, 2010, when he signed the complaint (Entry No. 1, at page 8). The envelope used to mail the pleadings bears a prison mailroom stamp of July 29, 2010 (Entry No. 1-1). Hence, the filing date for limitations purposes is no earlier than July 28, 2010, and no later than July 29, 2010. *See Houston v. Lack*, 487 U.S. 266 (1988) (prisoner's pleading was filed at the moment of delivery to prison authorities for forwarding to District Court); and *Mateo v. O'Connor*, No. 08 Civ. 11053(RJH)(DCF), 2010 WL 3199690, at *1 n. 2 (S.D.N.Y., Aug. 12, 2010) ("Thus the Court deems Mateo's complaint filed when he turned it over to prison officials, which occurred sometime between August 22, when he signed it, and August 25, when it was postmarked.").

Under Rule 8(c) of the Federal Rules of Civil Procedure, a statute of limitations defense is an affirmative defense, to be raised by the defendants in a responsive pleading. However, a district court is authorized to anticipate an obvious affirmative defense available to the defendants in determining under § 1915 whether process should be issued against them, or whether the case should be dismissed for frivolousness. *Todd v. Baskerville*, 712 F.2d 70, 74 (4th Cir. 1983)*; see also Rogers v. Isom*, 709 F. Supp. 115, 117 (E.D. Va. 1989) ("A determination of frivolousness on the basis of affirmative defenses is appropriate even though no responsive pleadings have been filed."). Here, the plaintiff filed the complaint more than 13 months too late for his

claims of malicious prosecution, and more than 16 months too late for his claim of false arrest. As such, an obvious statute of limitations defense exists, and the case should be dismissed as frivolous.

## *Recommendation*

Accordingly, it is recommended that the District Court dismiss the above-captioned case *without prejudice* and without issuance and service of process because this case is untimely. The plaintiff's attention is directed to the Notice on the next page.[1]

August 19, 2010  
Greenville, South Carolina

s/Kevin F. McDonald  
United States Magistrate Judge

---

[1] The Federal Station Post Office on the first floor of the United States Courthouse in Greenville, South Carolina, will permanently close on September 4, 2010. Hence, correspondence addressed to the Clerk's Office in Greenville should now be sent to Clerk's Office, United States District Court, 300 East Washington Street — Suite 239, Greenville, South Carolina 29601.

**Notice of Right to File Objections to Report and Recommendation**

The plaintiff is advised that he may file specific written objections to this Report and Recommendation with the District Judge. **Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections.** "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (*quoting* Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

**Larry W. Propes, Clerk of Court**
**United States District Court**
**300 East Washington Street — Suite 239**
**Greenville, South Carolina 29601**

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).