IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
GREENVILLE DIVISION

| | | |
|---|---|---|
| Jermaine Ransom, #287057, | ) | C.A. No. 6:10-2015-TLW-KFM |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| -versus- | ) | ORDER |
| | ) | |
| OFC Freddie McEachern, Sgt; | ) | |
| Pfc. K. McCaskill, NFN; | ) | |
| Lt. Walter Davis; | ) | |
| Captain James Gray, Jr.; | ) | |
| The City of Marion; | ) | |
| Marion City Police; | ) | |
| Willie L. Smith, Chief of Police, | ) | |
| in his individual capacity | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

The Plaintiff has brought this *pro se* action against the Defendants under Title 42, United States Code, Section 1983. (Doc. # 1). This matter is now before the undersigned for review of the Report and Recommendation ("the Report") filed by United States Magistrate Judge Kevin F. McDonald, to whom this case had previously been assigned pursuant to 28 U.S.C. § 636(b) and Local Rule 73.02(B)(2) (D.S.C.). In his Report, Magistrate McDonald recommends that the above-captioned case be dismissed without prejudice and without issuance and service of process because this case is untimely. The Plaintiff has filed objections to the Report.

In conducting this review, the Court applies the following standard:

> The magistrate judge makes only a recommendation to the Court, to which any party may file written objections. . . . The Court is not bound by the recommendation of the magistrate judge but, instead, retains responsibility for the final determination. The Court is required to make a de novo determination of those portions of the report or

1

specified findings or recommendation as to which an objection is made. However, the Court is not required to review, under a de novo or any other standard, the factual or legal conclusions of the magistrate judge as to those portions of the Report and Recommendation to which no objections are addressed. While the level of scrutiny entailed by the Court's review of the Report thus depends on whether or not objections have been filed, in either case, the Court is free, after review, to accept, reject, or modify any of the magistrate judge's findings or recommendations.

Wallace v. Housing Auth. of the City of Columbia, 791 F.Supp. 137, 138 (D.S.C. 1992) (citations omitted).

In light of this standard, the Court has reviewed, de novo, the Report and the objections thereto. The Court accepts the Report. The Court notes that in Plaintiff's responses to the Court's Special Interrogatories dated August 2010, Plaintiff indicates that he was charged with the crime of forgery on January 30, 2006. In response to the inquiry of when the charge was dismissed by the Court of General Sessions, or when were you told that the charge was dropped, Plaintiff responds: "around about 5/2006 2nd week of GS." Based on these dates and the fact that Plaintiff's complaint in the instant action was not filed until July 28, 2010 (the date when the Complaint was signed), at the earliest, the Court agrees with the conclusion of the Magistrate Judge in his Report that this case is untimely.

**THEREFORE, IT IS HEREBY ORDERED** that the Magistrate Judge's Report is **ACCEPTED** (Doc. # 20); plaintiff's objections are **OVERRULED** (Doc. # 24); and the above-captioned case is **DISMISSED** without prejudice and without issuance and service of process as the case is untimely.

**IT IS SO ORDERED.**

       s/ Terry L,. Wooten
       **TERRY L. WOOTEN**

October 12, 2010       **UNITED STATES DISTRICT JUDGE**
Florence, South Carolina